# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Rural Development Innovations Limited,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **Pete Marocco,** *et al.*, <br><br> Defendants. | **Civil Case No. 25-cv-1631** |

### DECLARATION OF SOLOMON CHI

I, Solomon Chi, declare under penalty of perjury under the laws of the United States of America, including 28 U.S.C. § 1746, that the following is true and correct:

1. I am a resident of Boyds, Maryland.

2. I worked for the United States African Development Foundation from 2010 until 2025.

3. I was the IT Program Manager at USADF up until the time of my involuntary termination.

4. As the IT Program Manager, I was responsible for the network operations, network infrastructure and security of the USADF network.

5. On March 18, 2025, I received a memorandum from Pete Marocco, purporting to act as USADF CEO and President. Marocco's memorandum placed me on administrative leave, effective immediately. Marocco informed me that he prohibited me "from entering ADF premises, accessing ADF systems, or attempting

1

to use [my] position or authority with ADF in any way." Marocco also directed that I remain available by telephone and email during working hours. Because I did not have access to USADF systems, I was told to email Marocco my personal contact information, including phone number, email, and home address.

6. On March 31, 2025, I received another memorandum from Pete Marocco, titled "Specific Notice of Reduction in Force." Marocco told me that I was being "separated from the Federal service effective 4/30/2025." The only reason Marocco gave for the RIF was that "[t]his RIF is necessary for workforce reshaping of the United States African Development Foundation."

7. Because of the RIF, as of April 30, 2025, I am no longer employed by USADF.

8. The RIF was involuntary. I did not desire to end my employment at USADF. Given the opportunity, I will return to my employment at USADF.

9. I am aware that Marocco has effectively cancelled all USADF grants and terminated or put on administrative leave all but two USADF employees.

10. Losing my job has made it difficult to pay my mortgage.

11. If I am allowed to return to my employment as USADF only after a full trial in this case, I do not think I will be able to perform my job functions in the same manner as before my termination. A lengthy delay after the suspension of activities, cancellation of grants, and the termination of staff contracts will require a greater effort to reinitiate or to redevelop the information technology networks for which I was responsible. A secure network infrastructure requires guarantees of

confidentiality, integrity, and availability throughout the grant process. But after a long delay, grant beneficiaries will no longer have trust or confidence in the commitments of USADF as a representative of the United States government and will likely be less willing to entrust sensitive data to USADF's information technology infrastructure.

12. In addition to the loss of income, the termination of my employment has also resulted in reputational damage. Even though I was not personally responsible for the suffering and damage the suspension/termination of grants and contracts has caused for thousands of grant beneficiaries and service providers, I was nonetheless a representative of an agency that has now failed to live up to its commitment, and their attitudes, opinions and trust in me have been irreparably damaged.

Boyds, Maryland                                    ___/s/ Solomon Chi_____
May 21, 2025                                                Solomon Chi