IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Rural Development Innovations Limited** *et al.*,

    Plaintiffs,

v.

**Pete Marocco** *et al.*,

    Defendants.

Civil Case No. 25-cv-1631

**OPPOSITION TO DEFENDANTS' MOTION TO MODIFY THE PRELIMINARY INJUNCTION**

## TABLE OF CONTENTS

Argument ............................................................................................................................ 1

    A.   *CASA* has no bearing on this case. ................................................................... 1

    B.   Even if it were legally permissible, granting Defendants' motion would be practically impossible. ........................................................................................ 4

Conclusion .......................................................................................................................... 6

## ARGUMENT

This Court granted a preliminary injunction because Plaintiffs "are likely to prevail on their challenge to the President's appointment of [Pete] Marocco as an acting Board member" of the United States African Development Foundation. Mem. Op. 10, Dkt. No. 26. As a result, operations at USADF returned to the status quo—that is, the status before Marocco's illegal appointment. Nearly two months later, Defendants have asked this Court to go back and piece together a structure in which Marocco is the President and a board member of USADF for some purposes, but has no legal authority to serve in those roles for other purposes. The sole legal support Defendants provide for this extraordinary request is the Supreme Court's decision in *Trump v. CASA, Inc.*, 606 U.S. 831 (2025). But *CASA* is wholly inapplicable here because this Court's order is not a universal injunction; this Court merely granted the relief required by Congress. Even if *CASA* were somehow applicable, that Marocco cannot exercise illegitimate authority over nonplaintiffs would be incidental relief permitted under *CASA*. What's more, Defendants do not explain how this Court could possibly cobble together the relief they seek. Nor do they justify the constant oversight the Court would have to exercise over USADF even if that piecemeal relief were possible. The motion should be denied.

**A.  *CASA* has no bearing on this case.**

In *CASA*, the Court decided that courts likely lack equitable authority to issue universal injunctions—those that "prohibit enforcement of a law or policy against *anyone*." 606 U.S. at 837. Put another way, *CASA* held that courts likely cannot prohibit the Government from enforcing a challenged law against anyone,

1

anywhere—including nonparties to a suit—when doing so is unnecessary to decide the case before the court. *See id.* But courts have authority to afford complete relief to parties, even if it benefits others. *Id.* at 851.

Defendants insist that *CASA* requires the Court to modify its injunction. Mot. to Modify Prelim. Inj. 1, Dkt. No. 29. But *CASA* has no bearing on this case. The Court's preliminary injunction was not a universal injunction—it did not prohibit the Government from enforcing a challenged law against anyone, anywhere. Defendants' insistence otherwise misunderstands both Plaintiffs' claims and the Court's order.

First, Defendants attempt to shoehorn this case into *CASA* by framing Plaintiffs' claims as challenges to how Defendants enforce challenged laws or policies against Plaintiffs. Mot. 4. That's simply wrong. Plaintiffs claim that the Constitution and the Federal Vacancies Reform Act prohibit Marocco's appointment to USADF in the first place. The Appointments Clause requires that the President obtain "the Advice and Consent of the Senate" to appoint principal Executive officers. U.S. Const. art. II, § 2, cl. 2. And through the FVRA, Congress provided the President limited authority to temporarily appoint acting Executive officials. Marocco was not confirmed with advice and consent of the Senate. And as the Court's FVRA analysis rightly concluded, "Congress has likely not affirmatively authorized Marocco's appointment at USADF." Mem. Op. 11.

In framing Plaintiffs' claims as challenges to enforcement of a law, as opposed to a lack of underlying authority, Defendants commit a category error. A return to Plaintiffs' baseball analogy, *see* Reply in Supp. of Pls.' Mot. for Prelim. Inj. 18, Dkt.

No. 13, helps to highlight why. A player arguing that a high pitch was wrongly called a strike is akin to a litigant challenging how the Government enforces the law against that litigant. A player arguing that the umpire should not be allowed to call high strikes against *any* batter is akin to a litigant seeking universal relief. But once again, a player arguing that a fan who jumps on the field has no authority to call the game is something entirely different.

Second, based on the misunderstanding of Plaintiffs' claims, Defendants argue that RDI would be provided complete relief if its grant were restored. Mot. 5. Setting aside the impracticalities addressed below (at 4-5), Defendants ignore that this Court has already considered and rejected that argument: "[D]efendants argue that RDI's requested relief essentially seeks to 'reopen the spigot of grant disbursements.' . . . Not so. . . . RDI seeks to remediate Marocco's allegedly unlawful appointment." Mem. Op. 8. And Congress specifically provided what the remedy for such an unlawful appointment must be. Under the FVRA, "[a]n action taken by any person" not appointed according to the FVRA "shall have no force or effect," and "may not be ratified." 5 U.S.C. § 3348(d). Thus, "actions taken in violation of the FVRA are void *ab initio*." *NLRB v. SW Gen.*, 580 U.S. 288, 298 n.2 (2017). That is what Plaintiffs sought and that is what this Court ordered.

That the Court's order granting the relief provided by Congress benefits others does not turn it into an impermissible universal injunction. In *CASA*, the Court reasoned that courts' equitable authority is not limited because nonparties incidentally benefit from appropriate relief granted to a party. 606 U.S. at 851. That

conclusion is even stronger here, where the relief is not merely "legally authorized," *id.* at 869 (Kavanaugh, J., concurring), it is legally required. *See* 5 U.S.C. § 3348(d).

In short, Defendants ask this Court to turn *CASA*, a decision refusing to expand the power Congress gave courts to grant relief, into a decision that requires narrowing the relief explicitly provided by Congress because others might benefit. This Court should refuse that invitation.

### B. Even if it were legally permissible, granting Defendants' motion would be practically impossible.

The practical ramifications of Defendants' position compound the legal errors. Defendants do not explain how the proposed modified injunction could grant relief to RDI. And even if it could, it would require this Court to insert itself continuously into the everyday operations of USADF.

Defendants argue that "[t]he preliminary injunction should be limited to cover only actions taken insofar as they affected" RDI, Mot. 1, insisting that the only action that affected RDI was the cancellation of its grant and that reinstatement will provide RDI relief, *see id.* at 5. As we have already explained (at 3), that is wrong as a legal matter. But it's wrong on the facts too. Defendants protest that this Court's order resulted in the reinstatement of employees at USADF. Mot. 4. Yet they ignore Plaintiffs' evidence showing that oversight, reviews, implementation, performance assessments, and more are required to implement USADF grants, including its partnership grants with entities such as RDI. *See, e.g.*, Ex. E, Feleke Decl. ¶¶ 28-33, 37-40, Dkt. No. 7-6. And Defendants object to contracts being reinstated "even though not a single contractor was a party to this suit." Mot. 4. But they fail to explain how

4

USADF could implement RDI's grant without the contracts for IT, email, or the phones, to name just a few. *See* Ex. A, Makasa Decl. ¶¶ 8, 9, Dkt. No. 7-2 (describing RDI's need to communicate with USADF personnel to perform reimbursable work on its grant).

Would the Court be required to reinstate employees, but only those employees whose work touched on RDI's grant? And would they be allowed to perform their jobs only insofar as the work was somehow in service of fulfilling RDI's grant? So too for contracts. Would the Court have to reinstate the contracts that keep USADF running, but limit the implementation of those contracts to RDI specifically? Defendants do not, and cannot, explain how the Court could "peel off just the portion" of the actions that harm RDI. *CASA*, 606 U.S. at 852 (quoting *Rodgers v. Bryant*, 942 F.3d 451, 462 (8th Cir. 2019) (Stras, J., concurring)).

Even if granting that relief were theoretically possible, it would insert this Court into the day-to-day operations of a federal agency. The Court would be called upon to determine whether and how each of Marocco's actions affected RDI. For each new issue, it would have to determine whether the management committee decides (presumably if the decision affects RDI in some way) or if Marocco decides (if it doesn't). And the Court would have to do all that even though Marocco lacks authority to take any action whatsoever at USADF. To return to the baseball analogy, the order that Defendants envision would require this Court to operate as an on-field crew chief, deciding pitch-by-pitch whether the home-plate umpire or the fan who ran in from the stands should be allowed to make each call. The result would be chaos.

5

Fortunately, there is no need for this Court to consider whether the relief Defendants now seek is practically possible and, if so, at what cost. Because the Court granted the exact relief that Congress proscribed under the FVRA, there is no justification—legal or practical—to grant Defendants' motion.

## CONCLUSION

For these reasons, the Court should deny Defendants' motion to modify the preliminary injunction.

September 18, 2025                    Respectfully submitted,

                              /s/ Bradley Girard
                              Bradley Girard (DC Bar No. 1033743)
                              Joel McElvain (DC Bar No. 448431)
                              Robin F. Thurston (DC Bar No. 1531399)
                              Skye Perryman (DC Bar No. 984573)
                              Democracy Forward Foundation
                              P.O. Box 34553
                              Washington, DC 20043
                              (202) 448-9090
                              bgirard@democracyforward.org
                              jmcelvain@democracyforward.org
                              rthurston@democracyforward.org
                              sperryman@democracyforward.org

                              *Counsel for Plaintiffs*