IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Rural Development Innovations Limited, *et al.*,<br><br>   *Plaintiffs*,<br><br>v.<br><br>Pete Marocco, *et al.*,<br><br>   *Defendants*. | Civil Action No. 25-1631 (RJL) |

MEMORANDUM ORDER

November 18, 2025 [Dkt. #29]

Presently before the Court is Pete Marocco ("Marocco"), the U.S. Department of Government Efficiency Service, Sergio Gor, Amy Gleason, Stephen Ehikian, Scott Bessent, Douglas Burgum, and President Trump's (collectively, "defendants") motion to modify the Court's preliminary injunction order. On July 1, 2025, this Court found that Rural Development Innovations Limited ("RDI"), Paul Olson ("Olson") and Solomon Chi ("Chi") (collectively, "plaintiffs") were likely to succeed in showing that the President's appointment of Marocco as an acting United States African Development Foundation ("USADF") board member was unlawful. *See* Mem. Op. [Dkt. #26]. As an acting board member, Marocco terminated most of USADF's grants, contracts, and employees, including RDI's cooperative agreement and the employment of Olson and Chi. Because the termination of RDI's cooperative agreement threatened its existence, the Court found that RDI, unlike Olson and Chi, had shown irreparable harm. *Id.* at 12–14. I therefore found that only RDI was entitled to a preliminary relief and entered an order that (i)

1

preliminarily enjoined Marocco from taking further action in his capacity as the acting chairperson of USADF and (ii) preliminarily enjoined the other defendants (except the President) "from implementing or giving effect to directives from Marocco that he took in the capacity as the acting chairperson of USADF's Board of Directors and president of USADF." *See* PI Order (July 1, 2025) [Dkt. #27]. On July 29, 2025, the parties notified the Court that neither intended to pursue an appeal of the Court's preliminary injunction order; that they proposed the case be stayed pending the appeal in *Aviel v. Gor*, No. 25-5105 (D.C. Cir.); and that defendants would file a motion to narrow the scope of the Court's order. Joint Status Report [Dkt. #28] at 1.

Defendants now move for this Court to modify its order in light of the Supreme Court's recent decision in *Trump v. CASA, Inc.*, 606 U.S. 831 (2025). *See* Mot. to Modify PI Order ("Mot.") [Dkt. #29]; Reply in Supp. of Mot. ("Reply") [Dkt. #33]. They argue that the Court's current order is broader than the Judiciary Act permits because it prohibits all Marocco's directives, not just those that affect RDI. *See* Mot. at 3–5. Defendants therefore request that the Court modify the preliminary injunction "to cover only actions taken insofar as they affect [RDI], the sole party that this Court concluded established its entitlement to preliminary relief." *Id.* at 1. RDI opposes the motion, arguing that *CASA* does not apply to this case and that defendants' proposed modification would be "practically impossible" to implement. Pls.' Opp'n [Dkt. #31] at 4. For the reasons set forth below, however, I will **GRANT** the motion.

Federal Rule of Civil Procedure 54(b) "allows a litigant to move for reconsideration or modification of a district court's interlocutory order disposing of 'fewer than all the

2

claims or the rights and liabilities of fewer than all the parties' 'at any time' before the court's entry of final judgment." *Cobell v. Jewell*, 802 F. 3d 12, 19 (D.C. Cir. 2015) (quoting Fed. R. Civ. P. 54(b)). A district court may reconsider an interlocutory order "as justice requires." *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 227 (D.C. Cir. 2011) (citation omitted). "Justice may require revision when the Court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts has occurred since the submission of the issue to the Court." *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (citation modified).

Defendants have demonstrated that reconsideration of the Court's order is warranted due to a "controlling [and] significant change in the law." *See id.*; *see also Parker v. John Moriarty & Assocs.*, 221 F. Supp. 3d 1, 2 (D.D.C. 2016). After the parties submitted the issues to the Court, the Supreme Court issued its decision in *CASA*. In *CASA*, the Supreme Court held that the Government was likely to succeed in its argument that federal courts lack the equitable power to issue universal injunctions under the Judiciary Act of 1789 because "the universal injunction lacks a historical pedigree." 606 U.S. at 844–47. The Supreme Court emphasized that, although an equitable remedy like an injunction is "flexible," its "protection extends only to the suing plaintiff." *Id.* at 852. Therefore, when considering the permissible scope of an injunction, "the question is not whether an injunction offers complete relief to *everyone* potentially affected by an allegedly unlawful act; it is whether an injunction will offer complete relief *to the plaintiffs before the court*."

*Id.* Here, since the parties completed their briefing before the Supreme Court decided *CASA*, they did not brief what a plaintiff-specific remedy would look like post-*CASA*. Thus, "justice requires" that the Court reconsider the scope of the preliminary injunction. *See Capitol Sprinkler Inspection*, 630 F.3d at 227.

In opposition, plaintiffs argue that *CASA* has no bearing on this case because the current order is not a "universal injunction" prohibiting executive officials from enforcing a challenged law or policy. Pls.' Opp'n at 2. The Court does not read *CASA* so narrowly. On the contrary, the Supreme Court reiterated that an injunction must be "no more burdensome to the defendant than necessary to provide complete relief *to the plaintiffs*." *CASA*, 606 U.S. at 852 (quoting *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979)). *CASA* thus prohibits the Court from entering an injunction that offers relief to everyone affected by Marocco's appointment as opposed to RDI alone—the only plaintiff entitled to preliminary relief.

Plaintiffs also argue that the Federal Vacancies Reform Act ("FVRA") permits the broad scope of the Court's current order. Pls.' Opp'n at 3. Under the FVRA, if a person is not lawfully serving in compliance with the statute, "[a]n action taken" by that person "in the performance of any function or duty of [the] vacant office . . . shall have no force or effect" and "may not be ratified." 5 U.S.C. § 3348(d)(1)–(2); *but cf. id.* § 3348(e) (exempting certain offices not at issue here). In turn, the statute defines the term "function or duty." *See id.* § 3348(a)(2)(A). While the Court held that plaintiffs were likely to show that "Congress has not authorized the President to appoint acting USADF Board members" under the FVRA, *see* Mem. Op. at 11, *every* action that Marocco took is not automatically

4

void under the statute. *See L.M.-M. v. Cuccinelli*, 442 F. Supp. 3d 1, 30 (D.D.C. 2020) (determining whether the challenged act falls is a "function or duty" within the meaning of the statute); *Asylumworks v. Mayorkas*, 590 F. Supp. 3d 11, 22–25 (D.D.C. 2022) (similar).

Thus, heeding the Supreme Court's decree, the Court will narrow its order. To operate, RDI requires the reinstatement of its cooperative agreement and a disbursement from an account held by USADF to cover expenses for two-to-three months at a time. Decl. of Victor Makas [Dkt. #7-2] ¶ 9. An injunction that prohibits defendants (except the President) from recognizing Marrocco's termination of RDI's cooperative agreement and prohibits Marocco from interfering with USADF's performance of that agreement suffices to protect RDI during the pendency of this lawsuit.[1] Plaintiffs argue that the reinstatement of the agreement alone does not afford it complete relief because "oversight, reviews, implementation, performance assessments, and more are required to implement USADF grants." Pls.' Opp'n at 4. But defendants represent that USADF "would not need to reinstate any employees or renew any contracts simply to service a cooperative agreement" with RDI. Defs.' Reply at 5. The record also does not establish that the restoration of 353 grants and 43 contracts and the rehiring of sixteen employees is necessary to maintain the status quo for RDI while the parties litigate this case to a final order. *See* Mot. at 3–4.

---

[1] Defendants' proposed amendment to the Court preliminarily enjoining defendants "from implementing or giving effect to directives from Marocco . . . insofar as they pertain only to [RDI]," *see* Proposed Order [Dkt. #29-1], does not comply with Federal Rule of Civil Procedure 65(d)(1). Rule 65(d)(1) requires that any injunction be "specific in terms" and "describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." *Schmidt v. Lessard*, 414 U.S. 473, 475 (1974). "[T]he specificity provisions of Rule 65(d) are no mere technical requirements. The Rule was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood." *Id.* at 476.

5

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that defendants' Motion to Amend [Dkt. #29] is **GRANTED**; it is further

**ORDERED** that the Court's July 1, 2025 Order [Dkt. #27] is **VACATED**; it is further

**ORDERED** that the U.S. Department of Government Efficiency Service, Sergio Gor, Amy Gleason, Stephen Ehikian, Scott Bessent, and Douglas Burgum are preliminarily enjoined from implementing or giving effect to Marocco's termination of RDI's cooperative agreement; it is further

**ORDERED** that Marocco is preliminarily enjoined from interfering with USADF's performance of RDI's cooperative agreement; it is further

**ORDERED** that the parties provide a status report to the Court by December 4, 2025, informing the Court on how they would like to proceed now that our Circuit has dismissed the appeal in *Aviel v. Gor*, No. 25-5105 (D.C. Cir.).

**SO ORDERED.**

RICHARD J. LEON
United States District Judge