IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Rural Development Innovations Limited** *et al.*,

      Plaintiffs,

v.

**Pete Marocco** *et al.*,

      Defendants.

**Civil Case No. 25-cv-1631**

**JOINT STATUS REPORT**

This Court's November 19 order directed the parties to inform the Court how they would like to proceed. Because the parties do not agree on a path forward, both outline their respective positions below.

**A. Plaintiffs' position**

Because Defendants are violating this Court's order, and because it remains unclear how overlapping leadership responsibilities are determined, Plaintiffs request highly expedited summary-judgment resolution.

**1.** On November 26, Pete Marocco shut off access to every USADF employee. Marocco contacted (at least) one of USADF's vendors, Datawatch, telling the vendor that according to this Court's most-recent order, he is now the President of USADF. He instructed Datawatch to deactivate the access cards for every USADF employee other than himself. As a result, none of USADF's staff—including the management

1

committee put in place by the former Board to manage USADF—can perform their work.

Defendants appear to have taken the position that Marocco, and Marocco alone, runs USADF. But as explained in our prior filings, USADF requires staff to implement and oversee current grants, including RDI's. *See, e.g.*, Prelim. Inj. Br. 9-12, Dkt. No. 7-1; Ex. E, Feleke Decl. ¶¶ 28-33, 37-40, Dkt. No. 7-6; Opp'n to Mot. to Modify Prelim. Inj. 4-5, Dkt. No. 31. Additionally, Plaintiffs' counsel has learned that RDI relies on USADF for its operating costs—including rent, phones, and more. Because Marocco has shut off access to *all* USADF staff, RDI cannot receive these operating funds, oversight, and guidance. Put simply, despite the Court's order, Marocco and the other Defendants are "interfering with USADF's performance of RDI's cooperative agreement," Order 6, Dkt. No. 34.

**2.** Beyond the current violations of the Court's order, without quick resolution, issues will continue to arise. For example, because Marocco is enjoined from acting as head of USADF as it pertains to RDI, oversight and performance of RDI's grant must go through the channels that were in place before Marocco arrogated to himself control of the Board and all management of the agency. That means that RDI must have access to staff, and staff must have access to USADF. Until the case is fully resolved, Plaintiffs expect that Marocco will continue to claim authority over duties and functions necessary to return RDI to the status quo ante.

As a result, Plaintiffs proposed two options to Defendants' counsel. First, Plaintiffs proposed that the parties agree to convert our prior briefs into summary-

judgment briefs. Because Plaintiffs believe the questions on the merits remain the same, we believe that the Court can decide this case expeditiously on the prior briefs with each party submitting revised proposed orders to reflect a summary-judgment posture. Second, Plaintiffs proposed a highly expedited summary-judgment briefing schedule:

- Plaintiffs' summary-judgment motion: December 11
- Defendants' response and cross-motion (if any): December 19
- Plaintiffs' reply and response (if necessary): December 31
- Defendants' reply (if necessary): January 9

When Plaintiffs' counsel learned that Marocco had shut off access to USADF, we contacted Defendants' counsel with our proposals. Defendants' counsel responded that they would need approximately two weeks to consider the proposals. So Defendants' counsel requested that the parties file another Joint Status Report in two weeks. For the reasons previously explained, Plaintiffs could not agree to this proposal.

**B. Defendants' position**

For purposes of this Joint Status Report, Plaintiffs presented to Defendants options to govern further proceedings of this case, one of which would eliminate the need for further briefing. Defendants are still evaluating Plaintiffs' proposals. However, as explained to Plaintiffs' counsel, Defendants' counsel requires additional time to discuss these proposals internally and to seek appropriate review and approval. Thus, Defendants respectfully propose that the Court defer entering a briefing schedule at time and order another Joint Status Report in fourteen days, by

December 19, 2025, to give Defendants time to obtain the necessary input in order to engage in meaningful discussion with Plaintiffs on their proposals.

To the extent that the Court is inclined to enter a briefing schedule, Defendants respectfully request that the Court permit Defendants until February 3, 2026, to file their summary judgment brief. The extended time is needed due to the undersigned counsel's competing deadlines, particularly because the undersigned's numerous other matters that were delayed during the shutdown all now must be rescheduled and the undersigned needs time get back up to speed on developments that occurred on the large docket during the lapses of appropriations. Under these circumstances, meeting Plaintiffs' proposed deadline is untenable.

December 4, 2025

Respectfully submitted,

 /s/ Bradley Girard
Bradley Girard (DC Bar No. 1033743)
Joel McElvain (DC Bar No. 448431)
Robin F. Thurston (DC Bar No. 1531399)
Skye Perryman (DC Bar No. 984573)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
bgirard@democracyforward.org
jmcelvain@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

*Counsel for Plaintiffs*

JEANINE FERRIS PIRRO
United States Attorney

By:       */s/ John J. Bardo*
    JOHN J. BARDO, D.C. Bar #1655534
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2539

*Attorneys for the United States of America*