UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RURAL DEVELOPMENT INNOVATIONS LTD,<br><br>   Plaintiffs,<br><br>   v.<br><br>PETER MAROCCO, et al.,<br><br>   Defendants. | Civil Action No. 25-1631 (RJL) |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO RECONSIDER

Defendants, various government officials sued in their official capacities, respectfully submit this memorandum in opposition to Plaintiffs' Motion to Reconsider Modification of the Preliminary Injunction or, In the Alternative, Enforce Compliance (ECF No. 36).

The preliminary injunction that is in place preliminary enjoins Defendants from "implementing or giving effect to" Defendant Peter Marocco's termination of" Plaintiff Rural Development Innovation's ("RDI") "cooperative agreement" and preliminarily enjoins Marocco from "interfering with" the U.S. Africa Development Foundation's ("the Foundation") "performance of RDI's cooperative agreement." Mem Order at 6 (ECF No. 34). Defendants are complying with this order. Plaintiffs' arguments and representations to the contrary appear to be based on, at best, miscommunications, or at worst, RDI's refusal to engage with Marocco and his efforts to comply with the Court's order.

Plaintiffs claim that RDI has been unable to communicate with the Foundation since the Court modified the preliminary injunction. Pl. Mot at 3-4. This is incorrect. Instead, it is RDI that has refused to communicate with the Foundation. According to Marocco, the Foundation has "repeatedly reached out to RDI by phone and email" but within the last two weeks, RDI has not

responded. Marocco Decl. ¶ 2 (attached). The Foundation has contacted RDI by phone and by email at RDI's business listed Gmail account. *Id*. Marocco most recently contacted RDI on January 5, 2026. *Id*. ¶ 3. Marocco did not receive a response until earlier today, January 7, 2026 when Viktor Makasa of RDI sent him an email stating "Thank you for reaching out. Given the ongoing court case, we think it would be best for communication to go through counsel." *Id.* ¶ 4.

Moreover, Plaintiffs' representations regarding unpaid invoices or inability to access funds are incorrect. *Contra* Pl. Mot at 5. Marocco has contacted the Department of the Treasury on multiple occasions concerning payments to RDI, most recently on January 6, 2026. Marocco Decl. ¶ 3. Marocco has confirmed that Treasury has authorized payments to RDI. *Id*. ¶ 3. RDI can submit invoices through the portal form on the Foundation website or by email to pmarocco@usadf.gov or Claims_support@usadf.gov. *Id*. ¶¶ 6-7. Invoices submitted to the Foundation are not "automatically rejected." *Id*. ¶ 8. On the contrary, since the Court's order modifying the injunction, the Foundation has made new obligations of funds and payments. *Id*. Any invoices that RDI submits will be "considered for approval quickly and paid by the Treasury." *Id*. ¶ 12.

The Court's order does not enjoin Marocco from acting as Chairman and President of the Foundation for all purposes. Contra Pl. Mot. 8 (ECF No. 36). Affording RDI "complete relief" simply requires the Foundation to abide by the terms of RDI's cooperative agreement. *Trump v. CASA, Inc.,* 606 U.S. 831, 851 (2025). Nothing in the Court's order or in the cooperative agreement itself requires Defendants to maintain Plaintiffs' preferred staffing level or Plaintiffs' preferred leadership at the Foundation. See generally Mem Order at 6 (ECF No. 34). The Foundation is able to assist RDI and make payments to RDI with its current staffing levels. See Marocco Decl. ¶¶ 9-11. The Court's order simply prevents Defendants from "implementing or

giving effect to" Marocco's termination of the cooperative agreement and prevents Marocco from "interfering with" the Foundation's "performance of the RDI cooperative agreement." Mem Order at 6 (ECF No. 34). Even as Marocco has assumed leadership of other parts of the Foundation since the Court modified the injunction, Marocco has not terminated RDI's agreement or taken any actions to prevent the Foundation from complying with the terms of the agreement. RDI simply needs to respond to Marocco when he offers to assist them.

Because Defendants have not taken any actions in violation of the Court's order and Marocco's declaration accompanying this opposition confirms that he is willing and able to comply with the terms of the cooperative agreement between RDI and the Foundation with the Foundation's current staffing levels, Plaintiffs' motion should be denied.

## CONCLUSION

For these reasons, the Court should deny Plaintiffs' motion to reconsider modification of the preliminary injunction, or in the alternative, to enforce compliance.

Dated: January 7, 2026
       Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:     */s/ John J. Bardo*
    JOHN J. BARDO, D.C. Bar #1655534
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2539

*Attorneys for the United States of America*