IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Rural Development Innovations Limited** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **Pete Marocco** *et al.*, <br><br> Defendants. | Civil Case No. 25-cv-1631 |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO RECONSIDER MODIFICATION OF THE PRELIMINARY INJUNCTION OR, IN THE ALTERNATIVE TO ENFORCE COMPLIANCE**

Defendants' response—which ignores Plaintiffs' claims and the Court's preliminary-injunction analysis—highlights why they cannot (or will not) comply with the Court's preliminary-injunction order. Defendants' response boils down to arguing that RDI has created its own troubles because it has refused to engage with Pete Marocco. That is both irrelevant and untrue.

**1.** Plaintiffs claim that Marocco was illegally appointed to USADF's Board. This Court's preliminary-injunction order determined that Plaintiffs are likely to succeed "in showing that Marocco does not have legal authority to serve at USADF." Op. 5 n.2, Dkt. No. 26. So Marocco was enjoined from "taking actions as the acting chairperson" of USADF. Order 1, Dkt. No. 27. The Court then narrowed the order to "cover only actions taken insofar as they affect RDI." Mem. Order 2, Dkt. No. 34. The

1

result is that Marocco is enjoined from acting as the head of USADF as it pertains to RDI.

Plaintiffs' motion explained how Defendants have refused to follow that order. Among other things, Marocco has shut down core USADF systems and locked out *every* USADF staff member. Mot. 3-4, Dkt. No. 36. At the very least, that means that RDI cannot receive "critical guidance on maintaining relationships with foreign governments and organizations, managing field personnel, technical challenges implementing the grant, training, project monitoring, and safeguarding and protecting USADF assets." *Id.* at 3.

Defendants' response ignores all of that. Instead, Defendants argue that RDI is to blame because it is "refus[ing] to engage with Marocco." Opp. to Mot. 1, Dkt. No. 40. Defendants argue that RDI can receive funds and guidance as long as it asks Marocco for them. *Id* at 3. That makes no sense. The scope of preliminary relief is determined by the underlying legal claims. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945); *Bird v. Barr*, No. 19-cv-1581, 2020 WL 4219784, at *2 (D.D.C. July 23, 2020) ("a proper motion for a preliminary injunction seeks to enjoin the action that the complaint alleges is unlawful prior to the completion of the litigation"). The entire point of RDI's challenge, and of the Court's preliminary-injunction order, is that Marocco has no legal authority to run USADF. Narrowing that relief to RDI cannot mean that Marocco gets to administer RDI's grant as long as he promises to follow the *other* legal requirements of the position. Even if Marocco could offer the expert guidance that RDI needs, which is questionable, the claims underlying the preliminary injunction—which challenge Marocco's appointment, not

his performance—require a return to the status quo ante, when Marocco had no authority with respect to RDI.

Compounding their errors, Defendants argue that this Court's order "simply requires the Foundation to abide by the terms of RDI's cooperative agreement." Opp. to Mot. 2. That is flatly wrong. Again, USADF is not a party to this case, so the Court did not order USADF to do anything, nor has RDI requested it to. *See* Mot. 8.[1] Instead, the Court ordered Marocco to not interfere with the performance of RDI's grant. Mem. Order 6. The performance of RDI's grant relies on, among other things, regular interactions with USADF's expert staff. *See* Mot. 3-4. Yet despite having no legal authority to do so, Marocco has once again declared himself the leader of USADF and blocked those staff from communicating with RDI or working on RDI's grant in every way. That is not the status quo ante required by this Court's order.

**2.** Even if it were legally justifiable and possible for Marocco to singlehandedly return RDI to the status quo—despite the Court's determination that he has no legal authority to do so—Plaintiffs' motion showed how Defendants have shirked that responsibility. As Plaintiffs' motion explained (at 3-4), in the weeks following the Court's narrowing of the preliminary injunction, Marocco shut off access for every USADF employee. As a result, RDI was left waiting guidance from USADF, which it

---

[1] On that score, Defendants state that "*the Foundation* has 'repeatedly reached out'" and that RDI "has refused to communicate with *the Foundation*." Opp. to Mot. 1 (emphasis added). But *Marocco* reached out, and as the Court has already determined, Marocco is not the Foundation.

3

could not receive because it had "lost all official and direct communication" with USADF. Feleke Decl. ¶ 19, Dkt. No. 36-1.

In response, Marocco states that he has "repeatedly reached out to RDI by phone and email" and that RDI is to blame for the lack of communication. Opp. to Mot. 1-2. But it was only leading up to Defendants' court-ordered response to Plaintiffs' motion that Marocco attempted any outreach whatsoever to RDI, and even then, it was a far cry from the status quo ante. On January 2, RDI missed one phone call from an international number—there was no message and no way to tell that it was a call from Marocco. Ex. C, Supp. Makasa Decl. ¶ 5. That same day, RDI received an email regarding payments from Marocco, but the email came from a non-USADF address, so RDI was unsure about its authenticity. *Id.* ¶ 6. Finally, the day before Defendants' response was due, RDI received an email from Marocco from a USADF email address, directing RDI to "send any claims or requests for information or assistance…" *Id.* ¶ 7. RDI responded by requesting that communications be pursued through counsel; neither RDI nor its counsel has received a response to that request. *Id.* ¶ 8. Surely Marocco's cursory, last-minute outreach is insufficient to abide by the Court's order.

January 13, 2026                                  Respectfully submitted,

                                                                         */s/Bradley Girard*
                                                                         Bradley Girard (DC Bar No. 1033743)
                                                                         Joel McElvain (DC Bar No. 448431)
                                                                         Robin F. Thurston (DC Bar No. 1531399)
                                                                         Skye Perryman (DC Bar No. 984573)
                                                                         Democracy Forward Foundation
                                                                         P.O. Box 34553
                                                                         Washington, DC 20043

(202) 448-9090
bgirard@democracyforward.org
jmcelvain@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

*Counsel for Plaintiffs*