UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RURAL DEVELOPMENT INNOVATIONS et al.,, <br><br> Plaintiff, <br><br> v. <br><br> PETER MAROCCO et al., <br><br> Defendants. | Civil Action No. 25-1631 (RJL) |

**DEFENDANTS' STATEMENT REGARDING THE SCOPE OF RELIEF**

Pursuant to the Court's December 23, 2025 minute order, Defendants, various government officials sued in their official capacities, respectfully submit this statement regarding the proper scope of relief.

To be clear, Defendants maintain that Plaintiffs Rural Development Innovations Limited, Paul Olson, and Solomon Chi's claims fail on the merits and that the Court should not award them any relief whatsoever. Defendants presented these arguments in opposition to Plaintiffs' motion for a preliminary injunction, see Opp'n to PI at 8-29 (ECF No. 12), which Defendants have converted to a motion for summary judgment. Jt. Status Rpt. at 1 (ECF No. 37). That said, should the Court rule in Plaintiffs' favor, the relief afforded should be limited to "complete relief" for Rural Development, Olson, and Chi: the parties to the case. *Trump v. CASA, Inc.*, 606 U.S. 831, 851 (2025).

Plaintiffs broadly challenge Peter Marocco's designation by President Trump as acting chair of the U.S. Africa Development Foundation ("the Foundation") and sought an order enjoining Marocco from acting as chairman of the Foundation and enjoining Defendants to giving effect to any directives that Marocco gave in his capacity as acting chairman of the foundation.

*See generally*, Compl.  If the Court is inclined to grant this relief, the relief should be limited to cover only actions Marocco took insofar as they affected Rural Development, Olson, and Chi. Complete relief for Rural Development would be permanent restoration of its grant agreement with the Foundation, see Compl. ¶ 7, and complete relief for Olson and Chi would be reinstatement of their employment with the Foundation.  *Id.* ¶ 8.

Plaintiffs seek for the Court to order Defendants to restore all 353 grants and forty-three contracts that Marocco cancelled as acting chair and rehire all sixteen employees that Marocco terminated as acting chair.  Third Marocco Decl. ¶¶ 11-13 (*Brehm v. Marocco*, Civ. A. No. 25-660 (RJL) (ECF No. 35-1); Compl.  But such relief would be improper because of the 353 grantees, only Rural Development is a party in this case, and of the sixteen employees, only Olson and Chi are parties in this case.  None of the forty-three contractors is a  party in this case.  Providing relief to non-parties by enjoining Marocco from acting as chairman of the Foundation and enjoining Defendants to giving effect to any directives that Marocco gave in his capacity as acting chairman of the Foundation would be inconsistent with the Supreme Court's ruling in *CASA*.

*CASA* held that a district court's grant of equitable relief is bound by the Judiciary Act of 1789, which "endowed federal courts with jurisdiction over 'all suits . . . in equity,' and "still today is what authorizes the federal courts to issue equitable remedies[.]"  *CASA*, 606 U.S. at 841.  That "statutory grant encompasses only those sorts of equitable remedies 'traditionally accorded by courts of equity' at our country's inception."  *Id*. (*quoting Grupo Mexicano de Desarrollo, S. A. v. All. Bond Fund, Inc*., 527 U.S. 308, 319 (1999)).  *CASA* addressed "universal injunctions," which are injunctions that bar the defendant from enforcing "a law or policy against anyone," in contrast to an injunction that bars the defendant from enforcing the challenged law or policy against the actual party to the case.  *Id.* at 831.  "Congress has granted federal courts no such power [to grant

- 2 -

universal injunctions],'" as universal injunctions have no historical analogue in equity practice. *Id*. at 841.

Observing that the Court had "consistently rebuffed requests for relief that extended beyond the parties," *id*. at 833, the *CASA* court determined that "[n]othing like a universal injunction was available at the founding, or for that matter, for more than a century thereafter. Thus, under the Judiciary Act, federal courts lack authority to issue them." *Id*. at 856. Instead, the governing principle is that a court granting equitable relief "may administer complete relief *between* the parties." *Id.* at 851 (emphasis added). "Under this principle, the question is not whether an injunction offers complete relief to everyone potentially affected by an allegedly unlawful act; it is whether an injunction will offer complete relief to the plaintiffs before the court." *Id.* at 852 (*citing Califano v. Yamasaki*, 442 U.S. 682, 702 (1979)). Even then, "[c]omplete relief is not a guarantee—it is the maximum a court can provide." *CASA*, 606 U.S. at 854. Thus, "the broader and deeper the remedy the plaintiff wants, the stronger the plaintiff 's story needs to be." *Id*. Focusing on the "plaintiffs before the court," and not "everyone," is especially important because "[w]hen a federal court enters a universal injunction against the Government," "it 'improper[ly] intru[des]' on 'a coordinate branch of the Government' and prevents the Government from enforcing its policies against nonparties." *Id*. at 859 (*quoting INS v. Legalization Assistance Project of L.A. Cnty. Fed'n of Labor*, 510 U.S. 1301, 1306 (1993)).

Indeed, the Court recognized these principles in granting Defendants' motion to modify the preliminary injunction. Def. Mot. (ECF No. 29); Order (ECF No. 34). The Cort noted that an injunction's "protection extends only to the suing plaintiff." Order at 3 (quoting *Casa*, 606 U.S. at 852). Accordingly, should the Court enter a permanent injunction, that injunction should be "no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs."

*CASA*, 606 U.S. at 852 (*quoting Califano v. Yamasaki*, 442 U.S. 682, 702 (1979)).  Such an injunction would entitle Rural Development to permanent restoration of their grant agreement and Olson and Chi reinstatement of their employment.

Dated:  January 26, 2026
        Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: _____*/s/ John J. Bardo*_____
    JOHN J. BARDO, D.C. Bar #1655534
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2539

*Attorneys for the United States of America*