# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **Rural Development Innovations Limited** *et al.*, | |
| Plaintiffs, | |
| **v.** | **Civil Case No. 25-cv-1631** |
| **Pete Marocco** *et al.*, | |
| Defendants. | |

## PLAINTIFFS' MEMORANDUM REGARDING SCOPE OF RELIEF

If the Court rules in Plaintiffs' favor, it should order that Marocco has no legal authority to serve at USADF and that the remaining Defendants (other than the President) cannot treat Marocco as ever having had that authority. That is the relief required by the Federal Vacancies Reform Act and the Appointments Clause. It is the only workable relief. And it does not conflict with the Court's order narrowing the scope of the preliminary injunction.

**1.** Because Marocco's appointment violates the FVRA, the Court need not look further than the statute to determine the scope of relief upon a final judgment. Unless an acting officer is named in accordance with the terms of the FVRA itself, "the office shall remain vacant." 5 U.S.C. § 3348(b)(1). And an action taken by someone appointed in violation of the FVRA "shall have no force or effect" and "may not be ratified." 5 U.S.C. § 3348(d). So too for the Appointments Clause: "officials cannot wield executive power except as Article II provides. Attempts to do so are void." *Collins v. Yellen*, 594 U.S. 220, 283 (2021) (Gorsuch, J., concurring). That scope of relief makes sense—both the FVRA and Appointments Clause address whether someone has authority to act at all. Here Plaintiffs do not challenge specific actions taken by Marocco, instead they have shown that because he was never properly appointed, he cannot continue to claim the power of an Executive Officer.

Two recent cases confirm this conclusion. In *Aviel v. Gor*, the district court concluded that Marocco was illegally appointed to the Board of USADF's sister agency, the Inter-American Foundation. The court's final order (entered without objection from the government on this score) correctly enjoined Marocco "from serving

as an 'acting' Board member of the IAF Board and from carrying out any of the duties of that position in any way, shape, or form, absent a lawful appointment pursuant to Article II of the U.S. Constitution." *Aviel v. Gor*, No. 25-cv-778, Dkt. No. 51 (D.D.C. Aug. 14, 2025). Likewise, in November, Judge Currie dismissed two indictments after determining that Lindsey Halligan was illegally appointed as interim U.S. Attorney. *United States v. Comey*, 2025 WL 3266932 (E.D. Va. Nov. 24, 2025); *United States v. James*, 2025 WL 3266931 (E.D. Va. Nov. 24, 2025). Last week, Judge Novak made clear that Judge Currie's conclusion did not apply just to those two indictments, but also required that Halligan cease acting in any case as if she had been legally appointed to the position. *United States v. Jefferson*, 2026 WL 145277 (E.D. Va. Jan. 20, 2026). After all, by continuing "to exercise a position to which she was unconstitutionally appointed," Halligan "exercised 'power that she did not lawfully possess.'" *Id.* at *8 (quoting *Collins*, 594 U.S. at 258). So too here.

To be sure, as the Court previously reasoned, Mem. Ord. 4-5, Dkt. No. 34, not *every* action taken by someone unlawfully appointed under the FVRA is automatically void—only those taken "in the performance of any function or duty" of the office, 5 U.S.C. § 3348(d). But that provision makes no difference here because each of Marocco's actions are "in the performance of any function or duty" of the office. *See* 5 U.S.C. § 290h-5(a), (d) (specifying functions of USADF's Board and president); 22 C.F.R. § 1501.3(a), (b) (same). After being illegally appointed to the USADF Board, Marocco appointed himself USADF President. He then locked out every employee and made all decisions himself—based on his alleged authority as President and sole Board Member. In short, Marocco acted as if he, and he alone, was USADF. So his

2

actions were not and *could not* have been taken by someone else. What's more, the Court can provide Plaintiffs relief without weighing any specific action taken by Marocco or ordering USADF to reinstate grants or contracts. In fact, the Court does not need to order USADF to do anything at all. The Court need only enjoin Defendants from implementing orders given under Marocco's illegitimate authority. If the Management Committee or someone else legally appointed to run USADF later takes any of the same actions, they would not be subject to the injunction.

**2.** To limit the scope of relief to Plaintiffs RDI, Olson, and Chi would not only contravene the statutory and constitutional provisions that bar Marocco's appointment, it would also create a mess for the courts, which would weaken the Appointments Clause and FVRA.

Because Marocco has been illegally appointed, any attempts to "wield executive power . . . are void." *Collins,* 594 U.S. at 283 (Gorsuch, J., concurring). Limiting relief to Plaintiffs would mean that the Court would first have to decide which of Marocco's actions "wield[ed] executive power," *id.*, against Plaintiffs and then undo each of those actions while leaving the rest in place. And to ensure that Marocco could not continue to wield that power as to Plaintiffs, the Court would also have to determine what structures, employees, contracts, and systems are necessary so that Plaintiffs would not be subjected to Marocco's illegal authority in the future. All of that effort would only serve to allow Marocco to continue acting as if he has authority that the Court has already concluded he does not have.

But the trouble wouldn't stop with cobbling together an order. The Court would also have to referee disputes when Marocco's asserted authority conflicts with whoever exercises lawful authority over Plaintiffs. That has already come to pass— for example, Marocco insists that he gets to decide how RDI's grant is implemented, despite this Court having already concluded that he has no authority over RDI. In response, Defendants have argued that Marocco can exercise leadership as long as he stays within other legal guardrails. *See* Reply in Supp. of Mot. to Narrow P.I. 5, Dkt. No. 33. But as Plaintiffs have already explained, because Marocco's appointment is illegal, he has no authority to act, even if his actions otherwise comply with the law.

And the Court would likely be forced to resolve innumerable lawsuits from other injured parties. If Marocco is declared illegally appointed, but enjoined only as to Plaintiffs, anyone harmed by his future illegal actions would have to bring a new lawsuit, only to have the Court decide the precise legal question already decided here.

That would not only be impracticable, it would make a hash of the FVRA and Appointments Clause. Knowing that an illegal appointment itself could not be stopped would encourage every President to flout the appointments process, which is "'a critical structural safeguard' against presidential overreach—a feature of our constitutional system, not a bug." *Aviel v. Gor*, 2025 WL 1600446, at *2 (D.C. Cir. June 5, 2025) (opinion of Katsas, J.) (quoting *NLRB v. SW Gen., Inc.*, 580 U.S. 288, 293 (2017)). That is because if courts are powerless to stop an unconstitutional appointment, they could only invalidate specific actions, one at a time, and could do so only if a plaintiff had standing and the resources to challenge each action. The

4

foundational separation-of-powers concerns undergirding the Appointments Clause and the FVRA should not be turned into a game of Whac-A-Mole. This Court can and should stop the illegal appointment itself.

**3.** The Court's prior order narrowing the preliminary injunction does not require a different result. As explained in Plaintiffs' motion to reconsider or enforce, Dkt. No. 36, Defendants have proven that they cannot (or will not) comply with an injunction limiting relief. So this Court is not tied to relief that it crafted in a different procedural posture, with different facts. *See, e.g.*, *Banks v. Booth*, 518 F.Supp.3d 57, 62 (D.D.C.), *appeal dismissed*, 3 F.4th 445 (D.C. Cir. 2021).

Defendants have argued that *Trump v. CASA, Inc.*, 606 U.S. 831 (2025)—which addressed how broadly courts can "prohibit enforcement of a law or policy," *id.* at 837—prohibits relief that benefits anyone other than Plaintiffs. But this case is not about enforcement of a specific law or policy—the question is whether Marocco has any authority to run USADF. According to Defendants, a narrow injunction allowing Marocco to continue to assert power he does not have would give Plaintiffs complete relief because Marocco would not terminate RDI's grant or Olson and Chi's employment. But that would not be complete relief—Plaintiffs suffer a "here-and-now injury" by being subjected to an unconstitutional decision-maker, regardless of the merits of his decisions. *See Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 490 (2010); *cf., e.g.*, *John Doe Co. v. Consumer Fin. Prot. Bureau*, 849 F.3d 1129, 1136 (D.C. Cir. 2017) (Kavanaugh, J., dissenting) (explaining that irreparable harm should be satisfied in a *preliminary*-injunction appeal by showing that a party was "being regulated on an ongoing basis by an unconstitutionally structured agency").

5

January 26, 2026

Respectfully submitted,

_/s/Bradley Girard_____
Bradley Girard (DC Bar No. 1033743)
Joel McElvain (DC Bar No. 448431)
Robin F. Thurston (DC Bar No. 1531399)
Skye Perryman (DC Bar No. 984573)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
bgirard@democracyforward.org
jmcelvain@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

*Counsel for Plaintiffs*