IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Rural Development Innovations Limited** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **Pete Marocco** *et al.*, <br><br> Defendants. | Civil Case No. 25-cv-1631 |

## NOTICE OF FACTUAL DEVELOPMENTS

Plaintiffs submit this notice to apprise the Court of recent factual developments that further show why Plaintiffs need prompt relief and why Defendants' proposed scope of relief is unworkable.

**1.** On February 17, USADF's Chief Program Officer, Elisabeth Feleke, received from Pete Marocco a written notice of her proposed removal. Ex. A, Feleke Decl. ¶ 7. The grounds for Marocco's proposed removal are actions that Feleke took as a member of the USADF Management Committee—a position that she legally holds—and her purported failure to respond to demands Marocco sent to her personal email.[1] *Id.* at ¶ 9. USADF's General Counsel, the only other member of the USADF

---

[1] Marocco has still not restored USADF employees' access to USADF systems including email. *See* Ex. A, Feleke Decl. ¶ 6. So the orders Feleke is alleged to have shirked were ones sent to her personal email, despite federal law restricting the use of personal email in official government business. *See, e.g.*, 44 U.S.C. § 2911.

1

Management Committee, likewise received a notice of her proposed termination. *Id.* at ¶¶ 2, 10.

If Marocco's proposed terminations become final, USADF will be left without any of the Management Committee that was running the agency before Marocco started to act as if he, and he alone, runs USADF (despite having no legal authority to do so).[2] *Id.* at ¶ 11.

**2.** All of this further shows why Plaintiffs' proposed scope of relief is necessary and why Defendants' scope of relief is unworkable. If the Court rules in Plaintiffs' favor and finds that Marocco was never legally appointed, Defendants agree that Marocco will thus have no authority over Plaintiffs Paul Olson and Solomon Chi. *See* Defs.' Statement Regarding Scope of Relief at 1, ECF No. 42. What Defendants fail to explain in their attempt to narrow the scope of relief is how Olson and Chi can possibly carry out their positions when Marocco is continuing to assert authority that he doesn't legally have. Before Marocco was illegally appointed, the Management Committee were Olson and Chi's supervisors. Ex. A, Feleke Decl. ¶ 5. If Marocco can terminate everybody but Olson and Chi, and continue to run the agency according to his whims, Olson and Chi will not be returned to the status quo ante. In short, relief limited to the Plaintiffs is hardly relief at all.

---

[2] The Management Committee was initially composed of the Chief Program Officer, the General Counsel, and the Chief Financial Officer. The Chief Financial Officer recently resigned from his position. And Marocco is attempting to remove the other two. *See* Ex. A, Feleke Decl. ¶¶ 2-4, 10.

Time is accordingly of the essence. Plaintiffs respectfully request a decision with regard to their motion to enforce the preliminary injunction, filed on December 18, 2025 (ECF No. 36), and the cross-motions for summary judgment, upon which the parties' submissions were completed on January 26, 2026 (ECF No. 42, ECF No. 43).

February 24, 2026

Respectfully submitted,

_/s/Bradley Girard_____
Bradley Girard (DC Bar No. 1033743)
Joel McElvain (DC Bar No. 448431)
Robin F. Thurston (DC Bar No. 1531399)
Skye Perryman (DC Bar No. 984573)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
bgirard@democracyforward.org
jmcelvain@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

*Counsel for Plaintiffs*