IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Rural Development Innovations Limited** *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**Pete Marocco** *et al.*,<br><br>Defendants. | **Civil Case No. 25-cv-1631** |

### NOTICE OF SUPPLEMENTAL AUTHORITY AND FACTUAL DEVELOPMENTS

Plaintiffs submit for the Court's consideration (1) the attached decision, issued on March 7 in *Widakuswara v. Lake*, No. 25-cv-1015 (D.D.C.) (Dkt. 219) and (2) a notice of further factual developments that show Defendants are ignoring this Court's preliminary injunction.

**1.** In *Widakuswara*, the court determined that Defendant Kari Lake's appointment as Acting CEO of the U.S. Agency for Global Media—a principal-officer position—was not justified by the FVRA or the Appointments Clause. Ex. A, Mem. Op. at 16. As here, defendants argued that if the court were to grant plaintiffs relief, "it must be limited in scope." Defs.' Mot., Opp., and Cross Mot. 16, *Widakuswara v. Lake*, No. 25-cv-1015 (D.D.C.) (Dkt. 202). Nevertheless, the court relied on the language of the FVRA and concluded that any "actions taken by Lake during her asserted tenure as acting CEO . . . are void." Mem. Op. at 16-17. Because Lake had

no authority, the court did not limit its order to the named plaintiffs or the specific illegal actions that formed the basis of the complaint. *See id.* *Widakuswara* is yet another decision showing why this Court should promptly reject Defendants' request to ignore the FVRA and the Constitution.

**2.** Since Plaintiffs filed their motion to modify or enforce the preliminary injunction on December 18, Marocco has continued to exert authority that he does not legally have—harming Plaintiffs and nonplaintiffs alike. In addition to attempting to remove USADF's lawful management, *see* Ex. B, Feleke Decl. ¶ 4, Marocco is now attempting to fire nearly all of USADF's staff, *id.* at ¶ 5. Only three employees have not received Reduction in Force notices: Plaintiffs Olson and Chi, and one employee who Marocco has directed to recover overseas assets and shut down field offices.[1] *Id.* at ¶ 6. The result will be that soon Plaintiffs Olson and Chi will have no jobs to return to and Plaintiff RDI's cooperative agreement will be useless because there will be nobody at USADF to carry it out. *Id.* at ¶¶ 8-9.

Defendants continue to ignore this Court's preliminary injunction, which concluded that Marocco was likely not legally appointed and which ordered the return of RDI to the status quo ante. Instead of returning RDI to the status quo ante, Defendants are attempting to irreparably damage USADF. Given the complications that would ensue from the legal requirement under 5 U.S.C. § 3348 to unwind each

---

[1] After Marocco sent demands to Olson and Chi's personal email addresses, *see* Ex. B, Feleke Decl. ¶ 7, Plaintiffs' counsel explained that communication between Plaintiffs and Defendants should go through counsel. Instead of communicating through counsel, Defendants determined that Plaintiffs Olson and Chi have abandoned their positions. They have not.

of Marocco's continued attempts to control USADF, and the mounting harms to each Plaintiff, time is of the essence.

March 10, 2026

Respectfully submitted,

 /s/ *Bradley Girard*
Bradley Girard (DC Bar No. 1033743)
Joel McElvain (DC Bar No. 448431)
Robin F. Thurston (DC Bar No. 1531399)
Skye Perryman (DC Bar No. 984573)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
bgirard@democracyforward.org
jmcelvain@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

*Counsel for Plaintiffs*