# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Rural Development Innovations Limited, *et al.*,

                *Plaintiffs*,

*v.*

Pete Marocco, *et al.*,

                *Defendants*.

Civil Action No. 25-1631 (RJL)

## ORDER

March 13, 2026 [Dkt. #36, 37, 42, 43]

For the reasons set forth in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that plaintiffs' motion for summary judgment is **GRANTED** in part as to plaintiffs' unlawful appointment claims in counts I, II, III, and V and **DENIED** in part as to plaintiffs' challenge to Marocco's actions as a Board member and president of the U.S. African Development Foundation ("USADF") in counts II, III, IV, V, and VI; and it is further

**ORDERED** that defendants' cross-motion for summary judgment is **DENIED** in part as to plaintiffs' unlawful appointment claims in counts I, II, III, and V and **GRANTED** in part as to plaintiffs' challenge to Marocco's actions as USADF Board member and president in counts II, III, IV, V, and VI; and it is further

**DECLARED** that Pete Marocco's appointment as Chair of the USADF Board without advice and consent of the Senate was unlawful under Article II of the U.S. Constitution, the Federal Vacancies Reform Act ("FVRA"), 5 U.S.C. § 3345 *et seq.*, and

the African Development Foundation Act, 22 U.S.C. § 290h-1 *et seq.*, and was therefore without legal effect; and it is further

**DECLARED** that members of the USADF Board may not be appointed except in accordance with Article II of the U.S. Constitution; and it is further

**DECLARED** that the FVRA does not permit the appointment of acting Board members to the USADF Board; and it is further

**DECLARED** that Pete Marocco's actions as Chair of the Board and president of USADF in the performance of any function or duty of that office have no force or effect; and it is further

**ORDERED** that Pete Marocco is enjoined from taking actions as the Chair of the Board or president of USADF absent a lawful appointment under Article II of the U.S. Constitution; and it is further

**ORDERED** that defendants Pete Marocco, Sergio Gor, Amy Gleason, Stephen Ehikian, Scott Bessent, Douglas J. Burgum, the U.S. DOGE Service, the U.S. DOGE Service Temporary Organization, and their successors, subordinates, and agents, are enjoined from implementing or giving effect to any directive, order, or action taken by Pete Marocco pursuant to his alleged authority as Chair of the Board or president of USADF; and it is further

**ORDERED** that defendants shall take all necessary steps to restore USADF employees' access to USADF's offices, IT systems, and financial systems; and it is further

**ORDERED** that defendants shall file a status report within thirty (30) days of this order apprising the Court of their compliance; and it is further

2

**ORDERED** that plaintiffs' motion to reconsider [Dkt. #36] is **DENIED** as moot.

This Order constitutes a final judgment of the Court within the meaning of Rule 58(a) of the Federal Rules of Civil Procedure. The Clerk of Court is directed to terminate the case.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge