UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RURAL DEVELOPMENT INNOVATIONS
LIMITED, et al.,

        Plaintiffs,

    v.

PETER MAROCCO et al.,

        Defendants.

Civil Action No. 25-1631 (RJL)

## DEFENDANTS' MOTION TO CLARIFY THE COURT'S MARCH 13, 2026 ORDER

Defendants are various government components and officials sued in their official capacities. They respectfully submit this motion seeking clarification concerning their obligations under the Court's March 13, 2026 order.[1] A proposed order is attached herewith.

## BACKGROUND

On March 13, 2026 the Court issued a final order in this case. Order (ECF No. 47). The order contained three injunctive components: (1) "that Pete Marocco is enjoined from taking actions as the Chair of the Board or president of [the U.S. African Development Foundation] absent a lawful appointment under Article II of the U.S. Constitution"; (2) that "Defendants . . . and their successors, subordinates, and agents, are enjoined from implementing or giving effect to any directive, order, or action taken by Pete Marocco pursuant to his alleged authority as Chair of the Board or president of [the Foundation]; and that (3) "Defendants shall take all necessary steps to

---

[1] As required under Local Rule 7(m), prior to filing this motion, Defendants contacted Plaintiffs seeking their position on the relief sought in this motion. Plaintiffs oppose this motion.

restore Foundation employees' access to [the Foundation's] offices, IT systems, and financial systems." *Id*. at 2.

Defendants have complied with the first two injunctive components of the Court's order. But they respectfully request clarification as to the last part of the Court's injunction: that Defendants take "all necessary steps to restore [Foundation] employees' access to [the Foundation's] offices, IT systems, and financial systems." *Id*.

## ARGUMENT

The named Defendants do not believe they have the authority to restore Foundation employees' access to the Foundations' offices, IT systems, and financial systems. The Foundation itself is not named as a Defendant in this action. Instead, Plaintiffs have named as Defendants several individuals and entities who (as determined in the Court's previous rulings) lack the authority to directly manage or control the Foundation (Marocco, the Director of the White House Presidential Personnel Office, the Administrator of U.S. DOGE Service, the Administrator of the General Services Administration, the Secretary of the Treasury, the Secretary of the Interior, the U.S. DOGE Service, the U.S. DOGE Service Temporary Organization, and President Trump). As such, under the Court's previous rulings, the defendants in this case lack authority "to restore [Foundation] employees' access to [Foundation] offices, IT systems, and financial systems." Therefore, Defendants move the Court to clarify that it is not directing defendants to do so.

The Foundation's organic statute states that "[t]he management of the Foundation shall be vested in a board of directors . . . composed of seven members appointed by the President, by and with the advice and consent of the Senate." 22 U.S.C. § 290h-5(a). The President "shall designate one member of the Board to serve as Chairperson of the Board and one member to serve as Vice Chairperson of the Board." *Id.* The Board, in turn, "shall appoint a president of the Foundation

on such terms as the Board may determine." *Id.* § 290h-5(d). Currently, the Foundation lacks a Board because President Trump terminated the Board Members in February 2025. 1st Marocco Decl. ¶ 4 (*Brehm v. Marocco*, Civ. A. No. 25-660 (RJL) (ECF No. 31-3)). Neither Plaintiffs nor the Court contested the President's authority to remove board members at will, nor could they because the Foundation's organic statute, 22 U.S.C. § 290h-5, does not restrict the President's authority to remove the Board Members. *See Kennedy v. Braidwood Mgmt.*, 606 U.S. 748, 770-71 (2025) (holding that the President can remove principal officers at will absent "very clear and explicit language to restrict the President's removal power."). But this Court determined that the President cannot appoint a Foundation Board member without advice and consent of the Senate, nor can he appoint acting Board members or an acting Chair of the Foundation Board. Mem. Op. at 7-8 (ECF No. 46).

Accordingly, pursuant to this Court's rulings, each of the Defendants in this action lack authority to take any action to manage the Foundation, such as granting employees access to Foundation offices, IT systems and financial systems, in the absence of a Senate-confirmed Foundation Board. The Court explicitly made this determination as to defendant Marocco. Mem. Op. at 7-8. But the other defendants likewise lack such authority, as they have not been appointed to the Foundation Board or designated by the Foundation Board to serve as president of the Foundation. As the Court explained:

> The [Foundation] statute specifies that the "management of the Foundation shall be vested in" the Board, 22 U.S.C. § 290h-5(a)(1), and regulations further state that the "Board establishes policy for the Foundation and is responsible for its management," 22 C.F.R. § 1501.3(a); *see also id.* § 1501.3(b) ("The President has responsibility for directing the day to day activities of the Foundation."). Marocco's actions in "establish[ing] policy for" and "managing" [the Foundation] are thus in the "function or duty" of a USADF Board member. 22 C.F.R. § 1501.3(a); 5 U.S.C. § 3348(d)(1)).

Mem. Op. at 13-14 (ECF No. 46).

This analysis applies equally to the other defendants in the case, none of whom are Foundation Board members and none of whom otherwise have authority (under the Federal Vacancies Reform Act ("FVRA") or any other law) to manage or oversee the Foundation consistent with the Court's previous rulings. Just as the Court has determined that Marocco's actions in terminating employees and seeking to close Foundation offices are "void" under the Constitution and the FVRA, Mem. Op. at 14 (ECF No. 46), so too would be actions by Defendants like granting Foundation employees access to agency financial and IT systems and offices. *See Am. Fed'n of Gov't Emps., AFL-CIO v. Off. of Pers. Mgmt.*, 786 F. Supp. 3d 647, 690–91 (S.D.N.Y. 2025) ("granting systems access to certain employees constituted a 'final agency action' under the [APA]").

Further, the Court suggested that granting Foundation employees access to Foundation offices, IT systems, and financial systems potentially would constitute discrete "final agency actions" that would be subject to the APA. Mem. Op. at 11 n. 3 (ECF No. 46). If so, these actions likely would be *ultra vires*, as none of the Defendants has been granted authority to manage or oversee the Foundation in the absence of Senate-confirmed Board members. Moreover, from a practical perspective, none of the Defendants other than Marocco has access to the Foundation's buildings or financial and IT systems, much less the ability to grant such access to others.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court clarify that Defendants are not required to take actions to restore Foundation employees' access to the Foundation's offices, IT systems, and financial systems, Order at 2 (ECF No. 47), as none of them has authority to directly manage or control the Foundation. If plaintiffs seek this relief, they must name a defendant that can lawfully take these actions.

- 5 -

Dated: April 10, 2026
      Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By:   */s/ John J. Bardo*
      JOHN J. BARDO, D.C. Bar #1655534
      Assistant United States Attorney
      601 D Street, NW
      Washington, DC 20530
      (202) 252-0828

*Attorneys for the United States of America*