IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Rural Development Innovations Limited, *et al.*,

　　　　　*Plaintiffs*,

*v.*

Pete Marocco, *et al.*,

　　　　　*Defendants*.

Civil Action No. 25-1631 (RJL)

## MEMORANDUM ORDER

April 27th, 2026 [Dkt. #48, 51]

On March 13, 2026, I held that defendant Pete Marocco ("Marocco") was unlawfully appointed as acting Chair of the Board of the United States African Development Foundation ("USADF"). *See* Mem. Op. [Dkt. #46]. I entered a permanent injunction ordering, among other things, that Marocco and the other defendants "shall take all necessary steps to restore USADF employees' access to USADF's offices, IT systems, and financial systems." Order [Dkt. #47] at 2. Defendants have now filed a motion asking this Court to "clarify" that defendants need not comply with this Court's order. Mot. to Clarify the Court's March 13, 2026 Order ("Mot. to Clarify") [Dkt. #48]. Defendants' motion is too clever by half. I will **GRANT** the motion and clarify that defendants must "take all necessary steps to restore USADF employees' access to USADF's offices, IT systems, and financial systems" or risk further proceedings before this Court.

My March 13, 2026 opinion recounts this case's history. *See* Mem. Op. at 2–6. As relevant here, on July 1, 2025, I granted the motion of plaintiff Rural Development

1

Innovations, Ltd. ("RDI") for a preliminary injunction. *See id.* at 4. I ordered, among other things, that Marocco was "preliminarily enjoined from taking actions as the acting chairperson" of USADF. *See* Prelim. Inj. Order [Dkt. #27]. After I issued the preliminary injunction, USADF's employees were able to "continue implementing and carrying out USADF activities, including its relationship with RDI." Decl. of Elisabeth Feleke [Dkt. #36-1] ¶ 4; *see also id.* ¶ 5 (it "took multiple months" to restore USADF's operations).

On November 19, I granted defendants' motion to narrow the scope of relief and ordered that "Marocco is preliminarily enjoined from interfering with USADF's performance of RDI's cooperative agreement." *See* Mem. Order [Dkt. #34] at 6. Notwithstanding my order, Marocco proceeded to terminate USADF employees' access to the office, IT systems, and financial systems. *See* Decl. of Elisabeth Feleke [Dkt. #36-1] ¶¶ 7–12, 17–19. As such, "USADF . . . lost all official and direct communication with RDI," *id.* ¶ 19, and plaintiffs moved for reconsideration of the amended order [Dkt. #36].

While plaintiffs' motion for reconsideration was pending, the parties filed motions and cross-motions for summary judgment. *See* Joint Status Rep. [Dkt. #37]. I granted in part plaintiffs' motion for summary judgment, holding that "Marocco was unlawfully appointed as an acting USADF Board member" under the Appointments Clause and the Federal Vacancies Reform Act ("FVRA"). Mem. Op. at 7. I held that "Marocco's actions as Board member and president of USADF are void under the Constitution and the FVRA." *Id.* at 12. I issued a permanent injunction (the "Order") ordering that "Marocco is enjoined from taking actions as the Chair of the Board or president of USADF" and ordered that defendants Pete Marocco, Sergio Gor, Amy Gleason, Stephen Ehikian, Scott Bessent,

2

Douglas J. Burgum, the U.S. DOGE Service, and the U.S. DOGE Service Temporary Organization (collectively, "defendants") were "enjoined from implementing or giving effect to any directive, order, or action taken by Pete Marocco pursuant to his alleged authority as Chair . . . of USADF." Order [Dkt. #47] at 2. In light of Marocco's actions during this litigation to cut off USADF employees' access, I ordered that "defendants shall take all necessary steps to restore USADF employees' access to USADF's offices, IT systems, and financial systems." *Id.* I ordered defendants to submit a status report on their compliance in thirty days. *Id.*

Three days before defendants' status report was due, defendants filed their Motion to Clarify. Then, on April 13, defendants filed a status report stating that "Defendants are unable to comply with the Court's order to restore Foundation employees' access to the Foundation's offices, IT systems, and financial systems because none of the named Defendants have any official role at the Foundation." Defs.' Status Rep. [Dkt. #49]. On April 15, plaintiffs filed their response to the Motion to Clarify and moved for an order to show cause and for an emergency status conference. *See* Pls.' Resp. [Dkt. #50]; Mot. for Order to Show Cause [Dkt. #51]. Defendants filed a reply on April 22. *See* Defs.' Reply in Further Supp. of their Mot. to Clarify and in Opp'n to Pls.' Mot. to Show Cause ("Reply") [Dkt. #53, #54].

I now turn to the parties' arguments. Defendants say that they cannot "restore Foundation employees' access to the Foundations' offices, IT systems, and financial systems" because "pursuant to this Court's rulings" defendants "have not been appointed to the Foundation Board or designated by the Foundation Board to serve as president."

Mot. to Clarify at 2–3. Defendants argue that under my ruling, "granting Foundation employees access to agency financial and IT systems and offices" would be "void." *Id.* at 4. Defendants add that, "from a practical perspective, none of the Defendants *other than Marocco* has access to the Foundation's buildings or financial and IT systems, much less the ability to grant such access to others." *Id.* (emphasis added).

Defendants' objections that they are powerless to comply with my Order absent a "lawfully appointed Board," Reply at 4, are meritless because my Order asks defendants to undo their arguably unlawful actions taken during the pendency of the case—not to act as the leadership of USADF moving forward. After I preliminarily enjoined Marocco from "interfering with USADF's performance of RDI's cooperative agreement," Mem. Order at 6, Marocco went on to shut off access for USADF's employees, thereby preventing them from implementing RDI's cooperative agreement or otherwise doing their jobs. *See* Decl. of Elisabeth Feleke [Dkt. #36-1] ¶¶ 7–12, 17–19. Ordering defendants to undo their unlawful actions is well within the "scope of a district court's equitable powers," which are "broad" and "flexib[le]." *Citizens for Resp. & Ethics in Wash. v. U.S. Dep't of Just.*, 846 F.3d 1235, 1242 (D.C. Cir. 2017) (quoting *Brown v. Plata*, 563 U.S. 493, 538 (2011)). My Order thus supplies the requisite legal authority to act.

As a factual matter, defendants have not disputed that some defendants can comply with my Order. *See* Mot. to Clarify at 4; *see also* Pls.' Resp. at 7 (noting defendants' previous compliance with this Court's original preliminary injunction). Plaintiffs indicate that Marocco "is ignoring requests to relinquish control over USADF's systems." Pls.' Resp. at 6; *see also* Decl. of Elisabeth Feleke [Dkt. #50-1] ¶¶ 4–5 (Marocco "retain[s] the

role of global administrator over all USADF IT systems, including email and the USADF website" and has failed to respond to at least three requests to transfer control).[1]

Further, as defendants do not contest, after the entry of my original preliminary injunction order on July 1, 2025, USADF was able to resume normal operations. *See* Decl. of Elisabeth Feleke [Dkt. #36-1] ¶¶ 4–5. These normal operations presumably included USADF employees accessing USADF's offices, IT systems, and financial systems. Defendants' own declarations seem to indicate that under the status quo prior to my November 19, 2025 Order, certain USADF employees "had the authority to perform certain certifying functions." Decl. of Michael R. Davis [Dkt. #53-1] ¶ 6; *see also* Decl. of Wesley J. Pickens [Dkt. #53-2] ¶ 5. It is therefore difficult to understand defendants' arguments that they are powerless to act now.

Perhaps more troubling, plaintiffs argue that defendants are in noncompliance with my Order by "actively implementing Marocco's attempts to cancel USADF contracts." Pls.' Resp. at 5. Plaintiffs say that USADF's offices have been "completely emptied of furniture and IT equipment," and the "IT server room destroyed." Feleke Decl. ¶ 11. Accordingly, plaintiffs have requested that I issue an order to show cause and hold an emergency status hearing. *See* Mot. for Order to Show Cause [Dkt. #51]. Defendants appear to have retracted the relevant contractual notifications. *See* Reply at 4. So I will hold plaintiffs' motion in abeyance with the expectation that defendants, with the benefit

---

[1] On reply, defendants assert that Marocco "no longer has access to the Foundation's IT or financial systems" and cite my March 13, 2026 Order. *See* Reply at 2. But defendants do not dispute plaintiffs' characterization of the facts about Marocco.

of this clarification, will take immediate steps to come into compliance with my Order.  I hereby clarify that "defendants shall take all necessary steps to restore USADF employees' access to USADF's offices, IT systems, and financial systems" as they existed prior to my November 19, 2025 Order. *See Nat'l L. Ctr. on Homelessness & Poverty v. U.S. Veterans Admin.*, 98 F. Supp. 2d 25, 26–27 (D.D.C. 2000) ("A court's powers to enforce its own injunction by issuing additional orders is broad, particularly where the enjoined party has not fully complied with the court's earlier orders." (cleaned up)).

Accordingly, for the reasons stated above, it is hereby **ORDERED** that defendants' Motion to Clarify [Dkt. #51] is **GRANTED**; and it is further

**ORDERED** that, in accordance with the March 13, 2026 Order [Dkt. #47], "defendants shall take all necessary steps to restore USADF employees' access to USADF's offices, IT systems, and financial systems" as they existed prior to the Court's November 19, 2025 Order [Dkt. #34]; and it is further

**ORDERED** that defendants shall file a status report within fourteen (14) days of this Order apprising the Court of their compliance with all aspects of the Court's March 13, 2026 Order [Dkt. #47] and this Order and shall file a status report every thirty (30) days thereafter pending further order of the Court; and it is further

**ORDERED** that the Court hereby holds plaintiffs' Motion for an Order to Show Cause and for an Emergency Status Conference [Dkt. #51] in abeyance.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge

6